UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH VISCOMI and FIRST DESTINY
REAL ESTATE, INC.,

                       Plaintiffs,

   -vs-

EXCELSIOR INSURANE COMPANY and
PEERLESS INSURANCE COMPANY,

                      Defendants.

**ANSWER**

No. **08-CV-327, NPM/GJD**

---

      Defendant, EXCELSIOR INSURANCE COMPANY ("Excelsior") and PEERLESS INSURANCE COMPANY ("Peerless"), by their attorneys, Mura & Storm, PLLC, state the following, upon information and belief, in answer to the plaintiffs' complaint dated February 27, 2008:

      1.    Admit the allegations contained in paragraphs "5", "6", "9" and "11" of the complaint.

      2.    Deny knowledge or information to form a belief as to the allegations contained in paragraphs "1", "2", "3", "4" and "14" of the complaint.

      3.    Deny the allegations contained in paragraphs "12", "16", "17", "18", "19", "20", "21", "23" and "24" of the complaint.

      4.    With respect to the allegations contained in paragraphs "7" and "10" of the complaint, admit Excelsior issued to "First Destiny Real Estate" a Commercial Protector Policy of insurance, policy number BOP 9085824, for the period May 18, 2005

through May 18, 2006, listing 1130 West Genesee Street, Syracuse, New York, as the described premises, with policy limits of $263,218 for the building and $30,000 for business personal property ("the Subject Policy"), the terms, provisions, exclusions, limitations and conditions of which policy speak for themselves, are incorporated by reference as if fully set forth herein and are for this Court's legal interpretation, where appropriate, and otherwise deny having knowledge or information sufficient to form a belief regarding the remaining allegations of said paragraphs.

        5.     With respect to the allegations contained in paragraph "8" of the complaint, admit that a fire occurred at the 1130 West Genesee Street property on November 2, 2005, and otherwise deny having knowledge or information sufficient to form a belief regarding the remaining allegations of said paragraph.

        6.     With respect to the allegations contained in paragraph "13" of the complaint, admit that by letter dated February 15, 2008, Excelsior disclaimed liability and denied coverage to plaintiffs in relation to the November 2, 2005 fire at the 1130 West Genesee Street property, the grounds of which disclaimer and denial are incorporated and reasserted by reference, as if fully set forth herein, and otherwise deny the remaining allegations of said paragraph.

        7.     With respect to the allegations contained in paragraph "15 of the complaint, admit that National Fire Adjustment Company assisted plaintiffs in the preparation and submission of certain claim documents to Excelsior, and otherwise deny having knowledge or information sufficient to form a belief regarding the remaining allegations of said paragraph.

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

8. In response to paragraph "22" of the complaint, repeats and realleges the responses to each and every allegation referred to or realleged by said paragraph.

9. Denies each and every other allegation contained in the complaint not heretofore expressly admitted, denied or otherwise responded to.

## FIRST AFFIRMATIVE DEFENSE

10. The "Second Cause of Action" of plaintiffs' complaint fails to state a cognizable claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

11. Plaintiffs may not recover from Excelsior under the Subject Policy for the reasons set forth in Excelsior's disclaimer and denial letter to plaintiffs dated February 15, 2008, the grounds of which disclaimer and denial letter are incorporated and reasserted by reference, as if fully set forth herein.

## THIRD AFFIRMATIVE DEFENSE

12. In pertinent part, the Subject Policy provides as follows:

**COMMERCIAL PROTECTOR ® SPECIAL PROPERTY COVERAGE FORM (INCLUDING EQUIPMENT BREAKDOWN)**

**B.   EXCLUSIONS**

   **2.** We will not pay for loss or damage caused by or resulting from any of the following:

   **f.   Dishonesty:** Dishonest or criminal act by you, any or your partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:

        **(1)**    Acting alone or in collusion with others; or
        **(2)**    Whether or not occurring during the hours of employment.

13.    Upon information and belief, the above-quoted exclusion applies to negate coverage under the Subject Policy to the plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

14.    In pertinent part, the Subject Policy provides as follows:

**COMMERCIAL PROTECTOR ® SPECIAL PROPERTY COVERAGE FORM (INCLUDING EQUIPMENT BREAKDOWN)**

**E.    PROPERTY LOSS CONDITIONS**

    **3.    Duties In Event Of Loss Or Damage**

        **a.**    You must see that the following are done in the event of loss or damage to Covered Property:

            **(5)**    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

            **(8)**    Cooperate with us in the investigation or settlement of a claim.

15.    Upon information and belief, plaintiffs may not recover under the Subject Policy because they breached the above-quoted conditions precedent to coverage.

## FIFTH AFFIRMATIVE DEFENSE

16.    In pertinent part, the Subject Policy provides as follows:

**BUSINESSOWNERS COMMON POLICY CONDITIONS**

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

C.  **CONCEALMENT, MISREPRESENTATION OR FRAUD**

This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This policy;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this policy.

17. Upon information and belief, plaintiffs may not recover under the Subject Policy because plaintiff Joseph Viscomi breached the above-quoted condition subsequent to coverage by, among other things, having made various false and/or fraudulent statements to Excelsior during the course of its investigation of the reported fire loss and the plaintiffs' claim including, but not necessarily limited to, the following:

   ➢ in having denied any involvement in causing the November 2, 2005, fire, both in his recorded statement(s) and during his examination under oath;

   ➢ in having falsely stated on his Sworn Statement in Proof of Loss that the cause and origin of the loss were "Unknown to Assured";

   ➢ in having falsely stated and testified about his activities in connection with the fire; and

   ➢ in having falsely stated and exaggerated the number and value of items comprising his business personal property claim to Excelsior.

### SIXTH AFFIRMATIVE DEFENSE

18. In pertinent part, the Subject Policy provides as follows:

**COMMERCIAL PROTECTOR ® SPECIAL PROPERTY COVERAGE FORM (INCLUDING EQUIPMENT BREAKDOWN)**

### E.  PROPERTY LOSS CONDITIONS

#### 9.  Vacancy

##### a.  Description of Terms

(1) As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in (1)(a) and (1)(b) below:

  (a) When this policy is issued to a tenant, and with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough Business Personal Property to conduct customary operations.

  (b) When this policy is issued to the owner of a building, building means the entire building. Such building is vacant when 70% or more of its square footage:

   (i) Is not rented; or
   (ii) Is not used to conduct customary operations.

(2) Buildings under construction or renovation are not considered vacant.

##### b.  Vacancy Provisions

If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

(1) We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:

  (a) Vandalism;
  (b) Sprinkler leakage, unless you have protected the system against freezing;

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

        **(c)**    Building glass breakage;
        **(d)**    Water damage;
        **(e)**    Theft; or
        **(f)**    Attempted theft.

    **(2)**    With respect to Covered Causes of Loss other than those listed in b.(1)(a) through b.(1)(f) above, we will reduce the amount we would otherwise pay for the loss or damage by 15%.

19. In the unlikely event that plaintiffs are found entitled to coverage under the Subject Policy, the above-referenced vacancy condition would apply to reduce the amount of any recovery by 15%.

## AS AND FOR A FIRST COUNTERCLAIM
## AGAINST THE PLAINTIFFS

20. Excelsior and Peerless repeat and reallege each and every allegation of this answer contained and set forth in paragraphs "1" through "19", including the affirmative defenses, all inclusive, with the same force and effect as though the same were fully set forth herein.

21. As a result of the incident complained of in the complaint at the subject property, Excelsior conducted an investigation into the subject claim. In doing so, Excelsior incurred expenses, to date, in excess of $40,000.00.

22. In accordance with the provisions of the Subject Policy, Excelsior was obligated to and did pay plaintiffs' mortgagee Apex Mortgage Corporation, $68,125.75 for the fire loss to the subject property.

23. By virtue of the fact that there is no coverage for the incident claimed by the plaintiffs due to one or more of the affirmative defenses asserted herein

by Excelsior, it is entitled to a judgment against the plaintiffs and recovery in an amount no less than $108,125.75, together with interest, costs, disbursements and attorneys' fees, as well as any other relief to which this Court may seem just, proper and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) and 81(c) of the Federal Rules of Civil Procedure, Excelsior Insurance Company and Peerless Insurance Company hereby request that this matter be tried by a jury.

**WHEREFORE**, defendants Excelsior Insurance Company and Peerless Insurance Company demand judgment as follows:

    A.    dismissing the complaint herein;

    B.    awarding judgment to defendants on their counterclaim against the plaintiffs;

    C.    limiting any recovery by the plaintiffs pursuant to the terms and provisions of the subject policy of insurance; and

    D.    awarding to defendants their attorneys' fees, costs and disbursements associated with defending this action; and

    E.    for such other and further relief as to this Court may deem just, proper and equitable.

DATED:    Buffalo, New York
              March 31, 2008

                                        s/ Roy A. Mura
                                        Roy A. Mura, Esq.
                                        Bar Code No. 502176

                                        **MURA & STORM, PLLC**
                                        *Attorneys for Defendants*
                                        930 Rand Building
                                        14 Lafayette Square
                                        Buffalo, New York 14203
                                        (716) 855-2800
                                        roy.mura@muralaw.com

cc:    Charles L. Falgiatano, Esq.
        **DEFRANCISCO LAW FIRM**
        *Attorneys for Plaintiffs*
        121 East Water Street
        Syracuse, New York 13202
        (315) 479-9000