UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH VISCOMI AND FIRST DESTINY
REAL ESTATE, INC.,

                PLAINTIFFS,

VS.

EXCELSIOR INSURANCE COMPANY,

                DEFENDANT.

NOTICE OF OPPOSITION
TO MY ATTORNEY
WITHDRAWING AS
COUNSEL

Civil Action No. :
08-CV-327, NPM/GJD

---

    PLEASE TAKE NOTICE THAT Joseph Viscomi and First Destiny Real Estate, Inc. oppose Attorney Charles L. Falgiatano, of the DeFrancisco and Falgiatano Law Firm, Attorneys for Plaintiff, to withdraw as Attorneys. Please see my answer to Attorney Falgiatano's affidavit in support of my opposition. I respectfully ask the court to deny Attorney Falgiatano's Motion to Withdraw as Counsel.

Dated: February 26, 2010

                              By: Joseph Viscomi and First
                              Destiny Real Estate Inc.
                              12 Leitch Avenue
                              Skaneateles, New York 13152

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAR 01 2010
AT ___ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH VISCOMI and FIRST DESTINY
REAL ESTATE, INC.

ANSWER TO AFFIDAVIT IN
SUPPORT OF MOTION TO
WITHDRAW AS COUNSEL

Plaintiffs,

Civil Action No.:
08-CV-327,NPM/GJD

Vs.

EXCLESIOR INSURANCE COMPANY,

Defendant.

STATE OF NEW YORK )
COUNTY OF ONONDAGA) ss.:

JOSEPH VISCOMI, PLAINTIFF being duly sworn deposes and says:

I am responding to each paragraph in Attorney Falgiatano's affidavit. Each numbered paragraph following corresponds to the same numbered paragraph in Attorney Falgiatano's affidavit.

1. I affirm that Charles Falgiatano of the DeFrancisco and Falgiatano Law Firm are my Attorneys.

2. I affirm that I was represented by Attorney Falgiatano through most of the pendency of this action.

3. I affirm paragraph 3.

4. I affirm paragraph 4

5. I have issues with the settlement discussions, primarily that as the Jury was being dismissed by Judge McCurn I was whispering to Attorney Falgiatano that I was not asked in the Judge's chambers if I agreed to the stipulations. It is my belief that the proceedings should have halted there so that another discussion in the Judge's chamber could have taken place

6. I signed a release for the funds immediately after we left court. My mental state was not good. On January 13, 2010 I sent Attorney Coville a letter rescinding my authorization to release those funds. Please see attached letter.

7. I am in shock with what I am reading in paragraph 7. On January 7th and 8th 2010, I called Attorney Falgiatano to tell him I did not agree with the settlement terms. I instructed him to do whatever he could to get me out of the agreement. His response was that he would not do it. I needed to hire another Attorney. It was not made clear to me that the court had the power to vacate the order and to reopen the action within six months should settlement not be complete and further litigation be necessary. That is exactly what I

was looking to accomplish. On January 9, 2010 I sent Attorney Falgiatano a certified letter, attached herewith, outlining that I wanted the settlement overturned. Once he received the letter he started again having Attorney/Client discussions.

8. I signed the confession of judgment after I was told by Attorney Falgiatano that one of the consequences could be Judge McCurn imposing $15,000.00 in sanctions for me not going along with the agreement. I was told that I had to sign the confession on the 1/14/2010 so that Attorney Roy Mura counsel for the Defendant would receive it by 1/15/2010. It had to be mailed out by overnight mail. A woman in Attorney Falgiatano's office was holding a Federal Express envelope in her hand. When I awoke the morning of 1/15/2010 I was in a panic. I called Federal Express to see if I could retrieve an overnight letter. I was told I could. I called Attorney Falgiatano to get a tracking number. I was told the letter was sent by regular mail. Find attached a certified letter dated 1/22/2010 sent to Attorney Falgiatano asking to have a motion submitted to the court to reverse the settlement agreement.

9. Since I signed the confession of judgment I felt helpless. I explained to Attorney Falgiatano that since Attorney Roy Mura had a signed confession of judgment I was afraid of any consequences of me again trying to halt the delivery of approximately $40,000.00 of my funds.

10. I disagree that an irremediable breakdown in the Attorney Client relationship has developed. All I ask is that Attorney Falgiatano submit motion 60 on my behalf to the court.

11. There is no reason Attorney Falgiatano should not proceed with the course of action I want to take.

12. I oppose any action for Attorney Falgiatano to withdraw as counsel. It would be extremely difficult to and costly to have start from the beginning with a new Attorney. Attorney Falgiatano does not meet any of the four criteria necessary for ending an Attorney/Client relationship.

WHEREFORE, I am hereby requesting that the court does not grant Attorney Falgiatano permission to withdraw as counsel for the Plaintiffs in the above action since it would be very difficult to find replacement counsel at this late stage of the proceedings.

Dated February 26, 2010

BY: Joseph Viscomi and First
Destiny Real Estate, Inc.
Plaintiff
12 Leitch Avenue
Skaneateles, New York 13152

*Joseph Viscomi* (signature)

Deirdre Lein
No. 01LE6108239
Notary Public, State of New York
Qualified in Onondaga County
Commission Expires April 12, 2012

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH VISCOMI AND FIRST DESTINY
REAL ESTATE INC.

CERTIFICATE OF SERVICE

No.: 08-CV-327, NPM/GJD

Paintiffs,

Vs.

EXCELSIOR INSURANCE COMPANY,

Defendant.

CERTIFICATE OF SERVICE

II hereby certify that on February 26, 2010, I sent by certified mail the foregoing to

The Hon. Neal P. McCurn
United States District Court
PO Box 7367
100 South Clinton Street
Syracuse, New York 13261

Charles Falgiatano, Esq.
Defrancisco and Falgiatano Law Firm
121 East Water Street
Syracuse, New York 13202

Joseph Viscomi

Deirdre Lein
No. 01LE6108239
Notary Public, State of New York
Qualified in Onondaga County
Commission Expires April 12, 20_12_

January 13, 2010

Joseph Viscomi
12 Leitch Avenue
Skaneateles, New York 13152

Robert Coville As Attorney
3750 Fisher Road
Skaneateles, New York 13152

Dear Attorney Coville,

I am notifying you that I wish to rescind my authorization for you to release the aproximate $ 40000.00 check to the Excelsior Insurance Company. Please stop payment on the check you mailed out yesterday. Let me know the bank charge to do that so I can pay it.

Sincerely,

*[signature]*
Joseph Viscomi


Via fax to 315 685 4827

Jan 22, 2010

Joseph Viscomi
First Destiny Real Estate, Inc.
12 Leitch Avenue
Skaneateles, New York 13152

Charles Falgiatano as Attorney
121 East Water Street
Syracuse, New York 13152  13262  J.L.

RE: Viscomi and First Deastiny Real Estate, Inc. v Excelsior Insurance Co. Civil Action
No: 08-cv-327,NPM/GJO

Dear Attorney Falgiatano,

A certified letter dated Jan 9, 2010 was sent to you asking you to set aside the stipulation agreed to in court. I was in your office on 1/14.2010 signing a confession of judgement. A deadline had to be met so that you could overnight the confession so that Attorney Mura would receive it by the 1/15/2010 deadline. Early in the morning of 1/15/2010 I jumped out of bed in a panic over signing the confession of judgement. Between 8 and 9 AM I called Federal Express the courier you were arranging for delivery to see if a packet could be retrieved. They replied it could. While I had Federal Express on the phone I called you to get the tracking number to halt delivery. You replied that you spoke with Attorney Mura and came to an agreement that you could send it regular mail to save the cost of overnight delivery. I have had a few conversations with you during which I expressed that I have not been in my right mind since I entered into the stipulations. In my latest conversation with you this morning I asked that you approach the court to reverse the stipulation. Please give it your best effort to accomplish my goal.

Sincerely,

Joseph Viscomi

RE: Viscomi and First Destiny Real Estate Inc.
Excelsior Insurance Co.   Civil Action No:

January 9, 2010

Joseph Viscomi
First Destiny Real Estate Inc.
12 Leitch Avenue
Skaneateles, New York 13152

Charles Falgiatano as Attorney
121 East Water Street
Syracuse, New York 13152

Dear Attorney Falgiatano,

Please do not release the aproximate $40000.00 check to the Excelsior Insurance Company. When I was in court I was not asked in the judges chambers if I agreed to what you stipulated to. Before we went into the chamber you told me I had to take this deal. I was in a very disoriented state of mind.. I told you when we went back into the courtroom as the judge was dismissing the jury that I did not state in the judges chamber that I agreed to the stipulation.. I was having serious second thoughts about agreeing. I believe if I were asked at the proper time I would have welcomed the opportunity to say something like this, " No I do not agree, In fact I waited almost five years for this day. I finally got my day in court thanks to Judge McCurn granting me the opportunity to have a jury determine the case. I would like to proceed with the trial." Instead after the jury was dismissed the judge asked if I agreed. My reply was "yes your honor." Even though those words came out of my mouth my mind was not thinking clearly. I was extremely confused . I was not myself. In a clear mind I would not have agreed to a settlement that involved me paying money to the defendant. Please ask the court to set aside the stipulation.
I still have enormous feelings of gratitude for all you have done.

Sincerely,

Joseph Viscomi

CC: Hon. Neal P. McCurn